Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Natalie Nardecchia, SBN 246486
natalie.nardecchia@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3032
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ORANGE TREEIDENCE OPCO, LLC dba RIVERWALK POST ACUTE, PROVIDENCE GROUP, INC., PROVIDENCE ADMINISTRATIVE CONSULTING SERVICES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—CIVIL RIGHTS / EMPLOYMENT DISCRIMINATION**<br><br>42 U.S.C. §§ 2000e, *et seq.*<br><br>**JURY TRIAL DEMAND** |

# NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black) and retaliation and to provide appropriate relief to Charging Party Montoyia Watson and other aggrieved individuals who were adversely affected by such practices. As set forth in detail in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff," "Commission," or "EEOC") alleges that Defendants Orange Treeidence OPCO, LLC dba Riverwalk Post Acute ("Orange Treeidence"), Providence Group, Inc. ("PGI"), and Providence Administrative Consulting Services, Inc. ("PACS") (collectively, "Defendants") violated Title VII by subjecting Charging Party and similarly aggrieved Black employees to racial discrimination including harassment based on race (Black) resulting in a hostile work environment. The Commission further alleges that Defendants violated Title VII by retaliating against Charging Party after she complained about the harassment and hostile work environment and engaged in protected activities.

# JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

# PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is

expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Orange Treeidence OPCO, LLC dba Riverwalk Post Acute ("Orange Treeidence") was and is a California limited liability corporation continuously doing business in the State of California and the City of Riverside and has continuously had at least 15 employees.

5. At all relevant times, Defendant Orange Treeidence has continuously been an employer engaging in an industry affecting commerce under Sections 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

6. Defendant Providence Group, Inc. ("PGI") was and is a California corporation continuously doing business in the State of California and the City of Riverside and has continuously had at least 15 employees.

7. At all relevant times, Defendant PGI has continuously been an employer engaging in an industry affecting commerce under Sections 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

8. Defendant Providence Administrative Consulting Services, Inc. ("PACS") was and is a California corporation continuously doing business in the State of California and the City of Riverside and has continuously had at least 15 employees.

9. At all relevant times, Defendant PACS has continuously been an employer engaging in an industry affecting commerce under Sections 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

10. Defendant Orange Treeidence operates Riverwalk Post Acute care facility ("Riverwalk"), a skilled nursing facility providing short or long-term care for patients/residents in Riverside, California. Its corporate headquarters are in Farmington, Utah, and it has an office in Riverside, California. It has common management with the other Defendants.

11. Defendant PGI operates Riverwalk and other short or long-term

skilled nursing care facilities in California and other States. Its corporate headquarters are in Farmington, Utah, and it has an office in Riverside, California. It has common management with the other Defendants.

12. Defendant PACS operates Riverwalk and other short or long-term skilled nursing care facilities in California and other States. Its corporate headquarters are in Farmington, Utah, and it has an office in Riverside, California. It has common management with the other Defendants.

13. At all relevant times since 2018, Defendants jointly employed the Charging Party and other aggrieved Black employees. Specifically, Defendants shared the authority to control, and exercised control, over the terms and conditions of employment of the Charging Party and other aggrieved Black employees. Defendants jointly determined and supervised Charging Party's and aggrieved Black employees' daily work and job duties, recommended and/or took employment actions and decisions including hiring, discipline, suspension, and termination, and were responsible for preventing and responding to complaints and reports of discrimination. Each of the Defendants shared control and served as an employer to the Charging Party and other aggrieved Black employees.

14. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved, and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

15. Plaintiff is ignorant of the true names and capacities of each defendant

sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. The Commission reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when this information has been ascertained.

## STATEMENT OF CLAIMS

16. More than thirty days prior to the institution of this lawsuit, Charging Party Montoyia Watson filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.

17. On February 11, 2021, the Commission issued to Defendants Orange Treeidence and PGI a Letter of Determination finding reasonable cause to believe Defendants violated Title VII. The Commission invited Defendants Orange Treeidence and PGI to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

18. On June 30, 2021, the Commission issued to Defendant PACS a Letter of Determination finding reasonable cause to believe that Defendant PACS violated Title VII. The Commission invited Defendant PACS to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

19. The Commission engaged in conciliation communications with Defendants. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

20. On September 15, 2021, the Commission issued to Defendants Orange Treeidence, PGI, and PACS a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

21. All conditions precedent to the institution of this lawsuit have been fulfilled.

### Statement of Claims

22. Charging Party is a Black woman. She began working for Defendants in April of 2018 as a Certified Nursing Assistant at the Riverwalk facility. She worked for Defendants until March 2019, when Defendants terminated her employment.

23. Since at least April of 2018, Defendants have engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a), (b), 2000e-3 by subjecting Charging Party and similarly aggrieved Black employees to unwelcome, severe or pervasive racial harassment and creating and maintaining an offensive, abusive, intimidating, and hostile work environment because of their race (Black). Such harassment included, but was not limited to:

   a. Non-Black patients/residents of Riverwalk made racially offensive verbal remarks to Charging Party and similarly aggrieved Black employees. Such race-based comments included, but were not limited to, "fucking n—r," "Black n—r bitch," "freaking Orangutan," "n—r pig," "monkey in the jungle," "big Black guy," and "negra."

   b. Non-Black, management and non-management staff at Riverwalk made racially offensive comments toward Charging Party and similarly aggrieved Black employees including using the n-word.

24. Since at least 2018, Defendants knew or should have known of the racially offensive and derogatory comments and the racially hostile work environment at Riverwalk. Race-based slurs and comments, including those made by patients/residents toward staff, were ubiquitous, open, frequent, and consistent

in nature. These race-based comments were often within earshot of Defendants' managers and supervisors.

25. As early as 2018, Charging Party and other similarly aggrieved Black employees complained to supervisors about the harassment.

26. Charging Party complained to Defendants verbally and in writing regarding the racial harassment and racially hostile work environment she endured.

27. Despite having actual and constructive notice of the harassment herein, Defendants failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment.

28. Defendants directed employees to tolerate the harassment from patients/residents, coworkers, and supervisors/managers.

29. As a result of Defendants' failure to take prompt and effective remedial measures, the harassment based on race continued unabated. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of the Charging Party's and other Black employees' employment and created a hostile work environment.

30. Defendants' unlawful practices also included subjecting the Charging Party to retaliation for complaining about the harassment and engaging in protected activity.

31. Charging Party engaged in activity protected under federal law by complaining verbally and in writing about the racial harassment. Namely, the Charging Party complained on various occasions to supervisors/managers regarding racial harassment by patients/residents, co-workers, and by the Administrator at Riverwalk, and by filing a charge of discrimination. Shortly thereafter, as a result of her protected activities, Defendants retaliated against Charging Party by suspending and then terminating her.

32. The effect of the practices complained of above has been to deprive the Charging Party and other Black employees of equal employment opportunities

and otherwise adversely affect their working conditions because of their race.

33. The unlawful employment practices complained of above were intentional.

34. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly situated Black employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Orange Treeidence, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices in violation of Sections 703(a) and (b) and 704(a) of Title VII.

B. Grant a permanent injunction enjoining Defendant PGI, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices in violation of Sections 703(a) and (b) and 704(a) of Title VII.

C. Grant a permanent injunction enjoining Defendant PACS, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices in violation of Sections 703(a) and (b) and 704(a) of Title VII.

D. Order Defendant Orange Treeidence to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and (b) and 704(a) of Title VII.

E. Order Defendant PGI to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and (b) and 704(a) of Title VII.

F. Order Defendant PACS to institute and carry out policies, practices,

and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and (b) and 704(a) of Title VII.

  G. Order Defendant Orange Treeidence to make whole the Charging Party and other aggrieved Black employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  H. Order Defendant PGI to make whole the Charging Party and other aggrieved Black employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  I. Order Defendant PACS to make whole the Charging Party and other aggrieved Black employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  J. Order Defendant Orange Treeidence to make whole the Charging Party and other aggrieved Black employees by providing compensation for past and future non-pecuniary losses pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

  K. Order Defendant PGI to make whole the Charging Party and other aggrieved Black employees by providing compensation for past and future non-pecuniary losses pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

  L. Order Defendant PACS to make whole the Charging Party and other

aggrieved Black employees by providing compensation for past and future non-pecuniary losses pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

M. Order Defendant Orange Treeidence to make whole the Charging Party and other aggrieved Black employees by providing compensation for any past and future pecuniary losses, including, but not limited to, expenses suffered by them that resulted from the unlawful employment practices described above, in amounts to be determined at trial.

N. Order Defendant PGI to make whole the Charging Party and other aggrieved Black employees by providing compensation for any past and future pecuniary losses, including, but not limited to, expenses suffered by them that resulted from the unlawful employment practices described above, in amounts to be determined at trial.

O. Order Defendant PACS to make whole the Charging Party and other aggrieved Black employees by providing compensation for any past and future pecuniary losses, including, but not limited to, expenses suffered by them that resulted from the unlawful employment practices described above, in amounts to be determined at trial.

P. Order Defendant Orange Treeidence to pay the Charging Party and the other aggrieved Black employees punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

Q. Order Defendant PGI to pay the Charging Party and the other aggrieved Black employees punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

     R.    Order Defendant PACS to pay the Charging Party and the other aggrieved Black employees punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

     S.    Grant such further relief as the Court deems necessary and proper in the public interest.

     T.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: March 9, 2022              Respectfully Submitted,

                                              CHRISTOPHER LAGE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION