JS-6

Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Derek Li, SBN 150122
derek.li@eeoc.gov
Natalie Nardecchia, SBN 246486
natalie.nardecchia@eeoc.gov
Sophie Tarazi, SBN 329721
sophia.tarazi@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3032
Facsimile: (213) 894-1301
E Mail:  lado.legal@eeoc.gov
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ORANGE TREEIDENCE OPCO, LLC dba RIVERWALK POST ACUTE, PROVIDENCE GROUP, INC., PROVIDENCE ADMINISTRATIVE CONSULTING SERVICES, INC., and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 5:22-cv-00425-JGB-SP <br><br> **CONSENT DECREE; ORDER** |

-1-

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendants Orange Treeidence Opco, LLC d/b/a Riverwalk Post Acute ("Riverwalk"), Providence Group, Inc. ("PGI"), and Providence Administrative Consulting Services, Inc. ("PACS") (collectively "Defendants") (Plaintiff and Defendants collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendants in *U.S. Equal Employment Opportunity Commission v. Orange Treeidence Opco, LLC d/b/a Riverwalk Post Acute, Providence Group, Inc., and Providence Administrative Consulting Services, Inc.*, Case No. 5:22-cv-00425-JGB-SP (the "Action"). On March 9, 2022, Plaintiff filed this Action in the United States District Court, Central District of California, for violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The Action alleged that Defendants subjected Charging Party Montoyia Watson ("Charging Party") and a class of similarly situated Black employees to discrimination based on race, including a hostile work environment, and that Defendants subjected Charging Party to retaliation. Defendants deny the allegations asserted against them, including the allegation that they operated as joint employers, and do not admit any wrongdoing.

# II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

The Parties agree that this Action should be fully and completely resolved by entry of this Decree. The Decree is made and entered into by and between the EEOC and Defendants and shall be binding on and enforceable against Defendants, as well as their parents, officers, directors, agents, successors and assigns. The scope of this Decree is companywide unless otherwise noted. The Parties have entered into this Decree for the following purposes:

A.    To provide appropriate monetary and injunctive relief;

B.    To ensure Defendants' employment practices comply with Title VII;

C.    To ensure that Defendants maintain a work environment free from race discrimination, harassment and retaliation;

D.    To ensure Defendants' policies, procedures, and practices prevent and/or correct race discrimination, harassment and retaliation;

E.    To provide an appropriate and effective mechanism for handling complaints of racial harassment, discrimination, and retaliation;

F.    To ensure appropriate recording keeping, reporting, and monitoring; and

G.    To avoid the expense and uncertainty of further litigation.

## III.
## RELEASE OF CLAIMS

A.    This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendants in this Action, including EEOC Charge Nos. 480-2019-02215 and 480-2019-01818.

B.    Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

C.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

## IV.
## JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

FP 48211965.1

B.     The terms and provisions of this Decree are fair, reasonable and just.

C.     This Decree conforms with the Federal Rules of Civil Procedure and the Title VII and is not in derogation of the rights or privileges of any person.

D.     The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

-4-

FP 48211965.1

# VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.   <u>EEOC Review Regarding Compliance</u>

The EEOC may review Defendants' compliance with any provision of this Decree. The EEOC may request from the Monitor a copy of any document received or created by the Monitor as a result of the Monitor's duties as described in this Decree. The EEOC may request from the Claims Administrator a copy of any document received or created by the Claims Administrator as a result of the Claims Administrator's duties as described in this Decree. The EEOC may request that Defendants permit the EEOC to interview employees, including those selected by the EEOC, or inspect Defendants' records. Defendants will comply with any such request to review, interview, or inspect within thirty (30) days of the EEOC's request. The Parties may agree, upon conferral and mutual agreement, to extend the time for the EEOC to review, interview or inspect records.

B.   <u>Non-Compliance</u>

1.     The Parties expressly agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  The EEOC may immediately initiate an enforcement action in this Court for non-compliance related to non-payment of monies under this Decree.  For other disputes regarding Defendants' compliance, the EEOC will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute prior to initiating an enforcement action. This notice shall specify the particular provision(s) that the EEOC believes Defendants have violated or breached. Defendants shall have twenty-five (25) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

2.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

3.      After thirty-two (32) days have passed, inclusive of the twenty-five (25) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the Court deems appropriate.

## VIII.

## MONETARY RELIEF

A.      Establishing the Class Fund

1.      In settlement of this lawsuit, Defendant Riverwalk shall owe and agree to pay a total gross sum of Eight Hundred Sixty-Five Thousand Dollars and Zero Cents ($865,000.00) in monetary relief ("Class Fund").

2.      Defendant Riverwalk represented that it had deposited the full amount of the Class Fund in the client trust account of its attorney, Fisher & Phillips LLP ("Fisher & Phillips"). Any withdrawal of the Class Fund from Fisher & Phillips' client trust account shall be in accordance with the terms of the Consent Decree or any other court order. Within seven (7) days of the Effective Date, Fisher & Phillips shall deposit the full amount of the Class Fund from its client trust account into an escrow account to be held by the Claims Administrator as named in Section VIII.B. Within seven (7) days of the deposit, Defendant Riverwalk and/or Fisher & Phillips shall provide to the EEOC written verification of the deposit of the full amount of the Class Fund to an escrow account of the Claims Administrator.

3.      The Class Fund shall be used to make payments to the Charging Party and eligible Claimants identified by the EEOC before or after the Effective Date. The EEOC has sole discretion to determine who is an eligible Claimant and the amounts to be distributed to Charging Party and each eligible Claimant from the Class Fund.

4.      The EEOC shall determine who is eligible to be a Claimant based on the EEOC's assessment of their facts and damages under Title VII. Defendants

agree that the EEOC's determination of these issues is final, and Defendants will neither participate in, nor object to, those determinations.

B.   Claims Administrator

Defendants have retained with the approval of the EEOC Phoenix Settlement Administrators ("PSA") headquartered in Orange, California, CA 92863 (800-523-5773) as the Claims Administrator to oversee the Claims Process and Claims Distribution Procedure as set forth in Sections VIII.C. and D. If the Claims Administrator initially appointed thereafter declines to serve or to carry out its duties under this Decree, Defendants shall have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator. Defendants shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

C.   Claims Process

1.   *List of Potential Claimants.*  Within thirty (30) days of the Effective Date, Riverwalk shall forward to the EEOC the name, race identification, last known mailing address, phone number, and email address, dates of employment, and any forwarding employment information for each Black (including individuals identifying as multi-racial) employee in the CNA, LVN, or RN positions who worked at Riverwalk at any point between April 2018 and the Effective Date ("List of Potential Claimants"). The EEOC shall have sole discretion to review, modify, and determine the final List of Potential Claimants to whom the Claims Notice will be sent by the Claims Administrator as stated below. After the EEOC finalizes the List of Potential Claimants, the EEOC will provide this list to the Claims Administrator.

2.   *Claims Notice.*  Within forty-five (45) days of the Effective Date, the Claims Administrator shall send a Claims Notice, approved by the EEOC, via electronic and U.S. mail to the individuals included on the EEOC's final List of

-7-

Potential Claimants. The Claims Notice shall explain that the EEOC shall determine eligibility and monetary relief amounts after receipt of a Claims Questionnaire, and that Claimants may be eligible for reinstatement. The Claims Notice shall provide phone and email contact information for the Claims Administrator and explain how Potential Claimants can access and submit the Claims Questionnaire.

3. *Undeliverable Mailings.*  For letters returned as undeliverable, within twenty (20) days of the Claims Notice being returned to sender as undeliverable, the Claims Administrator shall conduct database searches using Accurint or a similar system to find the Potential Claimant's most recent contact information, including phone number, email address and mailing address. If the Claims Administrator finds more recent contact information, the Claims Administrator shall resend the Claims Notice to the new address. If the Claims Administrator fails to find a more recent mailing address, the Claims Administrator shall notify the EEOC and describe its efforts to locate such employee(s).

4. *Website and Claims Questionnaire.*  Within forty-five (45) days of the Effective Date, the Claims Administrator shall establish a website that provides information regarding the Decree, the Claims Process, and how to complete the Claims Questionnaire. The website shall include an embedded Claims Questionnaire, approved by the EEOC. The Claims Questionnaire shall also be available for download by Potential Claimants, as well as in paper form upon request by the EEOC or the Potential Claimant. The website shall include phone, mail and email contact information for the Claims Administrator and the EEOC. The website shall also explain how Potential Claimants can seek assistance in completing the Claims Questionnaire. The Claims Administrator shall provide the EEOC with electronic access to the Claims Questionnaires filed online. The Claims Administrator shall provide the EEOC with an electronic and paper copy of all questionnaires submitted within ten (10) days of receipt.

-8-

D.     Claims Distribution Procedure

1.     *Distribution List.*  The EEOC shall provide the Claims Administrator one or more lists of the Claimants by name, their current addresses, the amount to be paid to each, the classification of such amounts to be paid, and any additional relevant identifying information ("Distribution List"). All funds remaining at the expiration of this Decree shall be distributed according to a Final Distribution List provided by the EEOC. Within ten (10) days of the EEOC providing a Distribution List to the Claims Administrator, the Claims Administrator shall direct the escrow agent to send via certified mail a check for the full amount specified by the EEOC to each eligible Claimant. Within three (3) business days of issuance of settlement checks, the Claims Administrator shall submit copies and any related correspondence to the EEOC.

3.     *Characterization of Payments.*  The Claims Administrator shall prepare and distribute 1099 reporting forms to each Claimant and shall make any appropriate reports for each to the Internal Revenue Service and other tax authorities. Riverwalk shall be solely responsible for any costs associated with the issuing and distributing 1099s to the Eligible Claimants. No withholdings shall be made as all payments to Eligible Claimants will be designated as compensatory damages. Within seven (7) business days of issuance of the aforementioned tax forms, the Claims Administrator shall submit copies and any related correspondence to the EEOC.

4.     *Non-Negotiated Checks.*  On a quarterly basis throughout the duration of this Decree, the Claims Administrator shall provide the EEOC with a copy of each cancelled check, and identify any check not negotiated and/or returned non-negotiated, to enable the Parties to track remaining settlement funds for redistribution. The Claims Administrator shall reissue checks if necessary.

5.    *Remaining Funds.*  On a quarterly basis throughout the duration of this Decree, the Claims Administrator will notify the EEOC of the remaining amount available out of the Gross Sum.

## IX.

## CLAIMANT SPECIFIC INJUNCTIVE RELIEF

A.    References for Charging Party

Within ten (10) days of the Effective Date, Riverwalk shall:

1.    remove from Riverwalk's files any reference to discipline of Charging Party, suspension, or "termination" related to performance, or charges of discrimination filed against Defendants or her participation in this Action, and change any "termination" to a resignation

2.    to the extent that Riverwalk must keep records of the charges of discrimination or in order to effectuate this Decree, such records must be maintained separately from Riverwalk's employment records;

3.    refrain from providing negative references about Charging Party, and direct all reference inquiries to a Human Resources ("HR") representative, who will provide a neutral employment reference, limited to verifying whether Charging Party was employed by Riverwalk, the last position in which Charging Party was employed, and the duration of employment with Riverwalk;

4.    ensure that Charging Party is not prohibited from re-employment with Defendant.

B.    References for Claimants

Within ten (10) days of receipt of a Distribution List, Riverwalk shall:

1.    refrain from providing negative references about any Claimant, and direct all reference inquiries to a Human Resources ("HR") representative, who will provide a neutral employment reference, limited to verifying whether a Claimant was employed by Defendant, the last position in which the Claimant was employed, and the duration of employment with Defendant;

2.      to the extent that a Claimant continues to work for Riverwalk, ensure that the Claimant does not suffer discrimination, harassment, or retaliation of any kind;

3.      consider Claimants for rehire, and their participation in any aspect of this case is not to be considered, nor can they be rejected on the basis of any discriminatory or retaliatory reason; and

4.      to the extent that the EEOC believes any Claimant received a retaliatory write-up during employment with Riverwalk, the EEOC is to identify such retaliatory write-up to Riverwalk. Within fifteen (15) days thereafter, Riverwalk will be provided an opportunity to contest that the write-up was retaliatory. If such write-up is not contested it will be removed from the Claimant's personnel file. However, this is not to be considered an admission of any retaliatory conduct.

C.   Reinstatement

1.      The Claims Questionnaire shall include an inquiry as to whether the Potential Claimant is interested in returning to work for Riverwalk.

2.      If the EEOC determines a Potential Claimant is an eligible Claimant under this Decree and the eligible Claimant is interested in reinstatement, the EEOC shall direct the Claims Administrator to contact the Claimant to find out: (i) what position(s) and (ii) at what locations they want to return to work; (iii) their availability to start and to work particular days and shifts; and (iv) the rate of pay sought. The Claims Administrator shall report this information to the EEOC.

3.      Based on this information from the Claims Administrator, the EEOC shall determine whether a Claimant is a candidate for reinstatement for any open positions (a "Reinstatement Candidate") and inform Riverwalk. Riverwalk shall then, for each Reinstatement Candidate, inform the EEOC of their tentative decision before informing each Reinstatement Candidate – including any terms or conditions of an offer or reason for rejection.

4.     If the EEOC does not agree with Riverwalk's tentative reinstatement decision or has questions regarding the process for a Reinstatement Candidate, the EEOC may request further information including a copy of the documents used to make the decision, to be provided to the EEOC within ten (10) days of the EEOC's request. The Parties will attempt to meet and confer regarding any issues related to the Claimants and reinstatement. In the event of a dispute concerning qualifications for reinstatement or the terms and conditions of an offer, the EEOC can avail itself of the compliance procedures set forth in Section VII, above. Absent the receipt of an objection from the EEOC within ten (10) business days concerning a tentative decision to not hire or the terms and conditions of an offer of reinstatement, Riverwalk will convey the decision or offer of reinstatement to the Reinstatement Candidate.

5.     Reinstatement shall not be in lieu of any monetary damages to which the EEOC determines the Eligible Claimant is entitled.

## X.
## GENERAL INJUNCTIVE RELIEF

A.     <u>Anti-Discrimination</u>

Defendants, their owners, officers, agents, management (including all supervisory), human resources personnel, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) engaging in harassment of any person(s) on the basis of his/her race; (b) engaging in or being a party to any action, policy, or practice that discriminates and/or creates a hostile work environment on the basis of any employee's race; and/or (c) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of race.

B.     <u>Anti-Retaliation</u>

Defendants' officers, agents, management (including all supervisory), human resources personnel at Riverwalk or assigned to Riverwalk by PACS,

successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice that subjects any current or former employee (including temporary employees) or applicant of Defendants to retaliation, because he or she has in the past, or during the term of this Decree:

1.     Opposed any practice made unlawful under Title VII;

2.     Filed a charge of discrimination alleging such practice;

3.     Testified or participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.     Been identified as a Potential Claimant in this Action;

5.     Asserted any right under this Decree; or

6.     Sought and/or received any relief in accordance with this Decree.

## XI.

## SPECIFIC INJUNCTIVE RELIEF

A.     Equal Employment Opportunity Monitor

Defendants have retained with the approval of the EEOC Heidi-Jane Olguin of Progressive Management Resources, Inc. at 255 South Lake Avenue, Suite 300, Pasadena, CA 91101 (213)362-0300 as the Equal Employment Opportunity Monitor ("Monitor") to monitor Defendants' compliance with Title VII and the provisions of the Consent Decree.  The Monitor shall have access to Defendants' documents and employees. Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties. The Monitor's responsibilities shall include:

1.     Conducting audits under Section XI.B, to determine whether race-based harassment, discrimination or retaliation exists in Riverwalk's workplace;

2.     Tracking and evaluating all information received by Riverwalk and PACS regarding alleged discriminatory, harassing, or retaliatory conduct,

-13-

reviewing documents relating to complaints of discrimination, harassment or retaliation, and any documents related to the investigation or resolution to ensure that Riverwalk and PACS are responding to complaints by conducting a prompt, thorough and impartial investigation;

3.    Assisting Riverwalk and PACS with the creation of a Complaint Log under Section XI.F, and providing feedback to Riverwalk and PACS regarding their implementation of the Internal Complaint Procedure under Section XI.D and the Hotline under Section XI.I, specifically with regard to documenting and investigation of complaints of race discrimination, race harassment and retaliation (including complaints regarding behavior by patients/residents) to ensure compliance with Title VII and this Decree;

4.    Assisting Riverwalk and PACS to ensure that Defendants' policies and procedures relating to race discrimination, harassment, and retaliation fully comply with Title VII and Defendants' obligations thereunder (as well as other applicable law) with regard to third party patients/residents and comply with all terms set forth in the Decree, as described in Section XI.C;

5.    Consulting with Riverwalk and PACS in the creation and implementation of the training curriculum under Section XI.E;

6.    Ensuring that Defendants' trainings are effective, especially with respect to training of administrators, managers, and human resources employees, by reviewing evaluation forms submitted during Compliance Trainings, attending the Management and Human Resources Training, and providing guidance or feedback if additional training is needed to ensure prompt, effective and impartial complaint investigations, including for complaints regarding patients/residents and to ensure impartiality and thoroughness in regard to complaints made by patients/residents;

7.    At least monthly through the term of the Decree, reviewing the Complaint Log and underlying documentation for complaints of racial

-14-

discrimination, racial harassment or retaliation, and reporting findings to the EEOC in the semi-annual report;

8.      Assisting Defendants with ensuring that middle-level management are encouraged to report information regarding potential race discrimination, harassment and retaliation;

9.      Ensuring that Charging Party and Claimants' employment opportunities are not adversely impacted by their participation in this Action. This responsibility shall require the Monitor to contact each individual at least semi-annually for the duration of the Decree. At the first contact with each individual, the Monitor shall express its availability to the Claimant to directly accept and review any claims of discrimination or retaliation regarding the individual's participation in this Action.

10.     Preparing a semi-annual report and exit report to the EEOC on Defendants' progress and compliance under this Decree pursuant to Section XI.L;

11.     Ensuring that Defendants' reports required by this Decree are accurately compiled and timely submitted;

12.     Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree under Section XI.K;

13.     Monitoring and ensuring the distribution of any documents and Notice Posting as required by this Decree; and

14.     Otherwise ensuring Defendants' compliance with this Decree and Title VII.

B.      EEO Compliance Audits

1.      *Climate Surveys.*  Within thirty (30) of the Effective Date, and annually thereafter, the Monitor shall send Climate Surveys, approved by the EEOC, to all current employees at Riverwalk to their mailing addresses, with a prepaid return envelope, and via electronic mail to their personal email addresses. The Climate Surveys will allow employees to respond anonymously regarding

-15-

whether they believe that unlawful harassment, discrimination and/or retaliation exists in the workplace and is tolerated at Riverwalk. Riverwalk shall also provide that same Climate Survey to all employees upon termination of their employment. The Climate Surveys shall be reviewed by Riverwalk, PACS, and the Monitor. Riverwalk and PACS will take prompt and effective remedial action, with input by the Monitor, to correct any conduct signaling that race discrimination, harassment or retaliation is occurring and Riverwalk and PACS are not taking appropriate steps to correct and prevent it.

2.    *Semi-Annual Audits.*  Twice throughout the term of the Decree, the Monitor shall conduct unannounced audits to ensure that current and prospective employees of all races are not being subjected to racial harassment. To seek employee input, the audits will be conducted outside the presence of management, supervisors, and leads, without any onsite lead or supervisors' advance knowledge of the audit. Any conduct signaling racial discrimination, harassment or retaliation will be subject to prompt and effective remedial action recommended by the Monitor. Such audit visits will be onsite to the extent practicable; if Defendants request that the audits be conducted virtually, Defendants shall provide this request to the Monitor and notify the EEOC to discuss the reasons for any necessary accommodations, for instance due to any pandemic restrictions imposed by the government.

3.    *Complaint Audits.*

a.    Old Complaints.  Within ninety (90) days of the Effective Date, the Monitor shall review all complaints of race discrimination, race harassment, and/or retaliation made by temporary and permanent employees of Defendants during the year before the Effective Date, as well as the measures taken in response to any such complaints. The Monitor shall recommend appropriate corrective measures for any unresolved complaint and identify appropriate preventative steps

-16-

to avoid reoccurrence of the same or similar issues. The audit shall also try to identify any alleged repeat offenders.

b.      New Complaints.  The Monitor shall review the Complaint Log described in Section XI.F on a monthly basis, at a minimum, and report back in the semi-annual report regarding Defendants' implementation of the Complaint Log. The Monitor shall have access to all records and call logs regarding complaints of race harassment, discrimination, or retaliation, and shall have access to employees, if necessary, to conduct interviews with employees of the Monitor's choosing. The Monitor shall, at a minimum, review all complaints and the investigative actions taken with respect to those complaints where the allegations involve race harassment or discrimination. The Monitor shall assess whether Defendants have responded to these complaints by conducting a prompt, thorough, and impartial investigation and report back to the EEOC in its semi-annual report.

4.      *Audit Reports.*  The results of all audits and complaint reviews shall be submitted to the EEOC in the semi-annual report set forth below. The Monitor's semi-annual report shall include assessments and recommendations for remedying all identified issues with race discrimination, harassment, or retaliation.

C.      Policies and Procedures

1.      *Scope.*  Defendants shall implement the policies set out in Section XI.C and XI.D to apply to all employees.

2.      *Revision of Policies and Procedures*

Within thirty (30) days of the Effective Date, Defendants, with the assistance of the Monitor, shall create and implement policies and procedures that explain, define, and prohibit harassment on the basis of race. Defendants' policies and procedures shall also address compliance with Title VII at its worksites, including prevention of racial discrimination and harassment, methods for quickly and effectively responding to racial discrimination and harassment, and a zero-

-17-

tolerance policy for those found to have engaged in racial discrimination, racial harassment, or retaliation. Within thirty (30) days of the Effective Date, Defendants shall provide the EEOC with a copy of its revised Policies and Procedures.

The revised Policies and Procedures shall be written in a clear, easy to understand style and format, in all language(s) commonly spoken by Defendants' employees and be written at a middle-school reading level and printed in legible font size of no less than 12-pt font.

At all times, the revised Policies and Procedures shall, at a minimum, include:

(a) a strong and clear commitment to a workplace free of race discrimination, harassment and retaliation, with an explanation that this includes a workplace free of race harassment by third party patients/residents;

(b) a clear and comprehensive description of race discrimination, race harassment, and retaliation, including a discussion of the meaning of the phrase "hostile work environment" and "retaliation" under Title VII and examples of prohibited conduct and conduct which, if left unchecked, may rise to the level of unlawful harassment or discrimination;

(c) assurance that Defendants Riverwalk and PACS shall hold all employees, including managers, recruiters, and human resources employees accountable for engaging in – or tolerating – conduct prohibited under Title VII or this Decree, including but not limited to race discrimination, harassment, retaliation, and for failing to take prompt appropriate action upon receiving information regarding race discrimination, harassment, or retaliation in the workplace, and a description of the consequences for those that fail to adhere to reporting steps;

(d) assurance that persons who complain about discrimination or harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subject to retaliation, and that their complaints will be

-18-

investigated and taken seriously including for incidents relating to patients/residents;

(e) a statement that the revised Policies and Procedures apply to all persons, including managers, supervisors, recruiters, third parties, customers, and Human Resources employees; and

(f) an Internal Complaint Procedure that includes the process for lodging complaints regarding patients/residents and also explains the process for situations in which a patient/resident makes a complaint regarding a staff member, as described in Section XI.D.

Defendants shall submit to EEOC any revisions to Policies and Procedures to prevent and correct racial discrimination, racial harassment, and retaliation sixty (60) days prior to the proposed change.

3.      *Distribution of Revised Policies and Procedures*

If the EEOC does not provide comment within thirty (30) days of receipt of the revised policy, Defendants shall distribute their revised Policies and Procedures to all employees within ninety (90) days of the Effective Date by (a) posting copies in clearly visible areas within Defendants' worksites; and (b) providing copies to each current employee by mailing a paper copy to his or her personal mailing address and sending an electronic copy to his or her personal email address. Defendants shall distribute their revised Policies and Procedures to their employees in all language(s) commonly used by them. For employees hired after the Effective Date, Defendants shall disseminate this information within five (5) days of their hire date. Each employee shall sign a form acknowledging receipt of the revised Policies and Procedures. The revised Policies and Procedures shall be disseminated via electronic mail on a semi-annual basis. On a semi-annual basis throughout the term of the Decree, Defendants shall provide a statement confirming distribution of the revised Policies and Procedures to all employees.

FP 48211965.1

D.      Internal Complaint Procedure

The Internal Complaint Procedure shall be written in all the language(s) commonly used by employees and shall incorporate the following elements:

1.      A statement encouraging employees to ask questions, share concerns and provide information about potential discrimination, harassment or retaliation (including by patients/residents) to Riverwalk or PACS, such as by (1) informally sharing information with the Human Resources Department, or (2) participating candidly in investigations of potential discrimination, harassment or retaliation;

2.      A clearly described process for submitting complaints of racial harassment or discrimination (including by patients/residents) that includes multiple avenues for employees to lodge complaints of harassment, discrimination, or retaliation verbally or in writing, including (a) a direct toll-free phone number and email address for Riverwalk's or PACS Human Resources Department; (b) a toll-free complaint hotline that Riverwalk or PACS or its designated consultants will track (Section XI.I); and (c) notifying *any* supervisor, manager or Human Resources representative;

3.      A clearly described process for a prompt, thorough, and impartial investigation of all complaints of discrimination, harassment or retaliation (including by patients/residents) by Riverwalk or PACS, including (a) interviewing all relevant witnesses; (b) review of all relevant evidence; (c) creation of written investigative reports, that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence;

4.      Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant and investigation shall be kept confidential to the fullest extent possible by Riverwalk or PACS;

5.      Tracking and collection of all complaints of discrimination,

-20-

harassment, and retaliation (including by patients/residents) in the Complaint Log;

6.      Resolution of all complaints of discrimination, harassment, and retaliation by Riverwalk or PACS in a timely and effective manner;

7.      A clear explanation of Riverwalk's or PACS' duty to conduct a follow-up meeting with the employee to evaluate the continued effectiveness of any step taken to remedy any racial harassment or discrimination;

8.      A requirement that any employee in manager, supervisory, lead or Human Resources position document and report any and all observations or complaints of potential racial harassment, discrimination, or retaliation to Riverwalk's or PACS Human Resources Department as soon as practicable and within 48 hours and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge;

9.      An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination.  The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

10.     Publication of the EEOC complaint line of (800) 669-4000.

The Monitor shall review Riverwalk or PACS' application of the internal complaint procedure by monitoring complaints made by employees regarding race harassment, discrimination or retaliation.

E.   Training

    1.   All Trainings

        a.      All trainings described below shall be mandatory for the duration of the Decree. All persons shall verify their attendance in writing.

Defendants shall maintain copies of training sign-in sheets for the duration of the Decree. The training requirements shall apply to employees at Riverwalk and employees of PACS performing HR roles or duties.

b.      For Riverwalk specifically, given the nature of its workplace, all trainings for the day and swing shifts provided pursuant to this Decree shall be live, in-person or virtually for those employees who are unable to attend in person. The trainings shall be interactive. Training for the graveyard shift may consist of a recorded video of the live training along with providing the employee with written materials.  The training will require an interactive questionnaire with the video. Employees may email the trainer with any questions up to 72 hours after the video presentation and the trainer shall respond within 24 hours of receipt of the email. Riverwalk shall work with the Monitor to develop the training curriculum for Riverwalk. Examples shall be given of prohibited conduct, tailored to Riverwalk's workplace. Riverwalk shall leave time for question and answer at the conclusion of the training. All trainings and training materials shall be provided in language(s) commonly understood by Riverwalk's employees.

c.      Defendants shall begin each training with a statement from a senior executive emphasizing that harassment prevention, civility, and maintaining a respectful workplace are high priorities for Defendants, and that the training is an important component of Defendants' strategy for harassment prevention. The message shall include a commitment towards accountability to and safety of its workforce, including for incidents relating to patients/residents and any potentially offensive or abusive behavior. The message shall be provided in all language(s) commonly understood by Defendants' employees.

d.      Within thirty (30) days after the Effective Date, Defendants shall submit to the EEOC and the Monitor the identity and qualifications of the qualified third-party trainer selected, a description of the trainings to be provided along with the training materials, and an outline of the training curriculum. The

trainer must speak fluently the language(s) that most of Defendants' employees understand, and an interpreter shall be provided, if necessary, in any other language required for employees to understand. Upon receipt, the EEOC and/or the Monitor may provide comment within thirty (30) days regarding any necessary revisions to the training.

e. The trainings in Sections XI.E.4 and XI.E.5 shall occur within sixty (60) days of the Effective Date, and thereafter on an annual basis. When scheduling each live training, Defendants shall also schedule an alternative training session within thirty (30) days of the initial training that is either (a) live and interactive; or (b) a video recording of the live training plus an interactive component such as an interactive questionnaire with the video. Employees may email the trainer with any questions up to 72 hours after the video presentation and the trainer shall respond within 24 hours of receipt of the email. Within thirty (30) days of the hire date of any employee hired after the required training, Defendants shall provide an alternative training session that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component. All employees will be paid their normal rate of pay during the trainings.

f. Defendants shall give the EEOC and the Monitor a minimum of twenty (20) business days advance written notice of the date, time and location of each training provided pursuant to this Decree. An EEOC representative or the Monitor may attend any such training upon request by the EEOC or the Monitor. The EEOC and the Monitor may also review training materials proposed and/or used upon request.

2. *New Employee Orientation*

Defendants shall provide an oral orientation ("Orientation") to all new employees within five (5) days of their hire date. The Orientation shall emphasize that (a) Defendants are committed to ensuring that their workplace is free of

-23-

discrimination, harassment and retaliation (including by patients/residents), especially based on race; (b) that Defendants take seriously all allegations of discrimination, harassment and retaliation and encourages employees to notify Human Resources when they become aware of potentially discriminatory, harassing and/or retaliatory conduct (including by patients/residents); and (c) that Defendants will take prompt and proportionate corrective action in response to discrimination, harassment and retaliation (including by patients/residents) in the workplace. The Orientation shall briefly review Riverwalk and PACS' complaint procedures, and explain where employees can find additional information, including the appropriate contact information.

3.  *Compliance and Civility Training for Non-Managerial Employees*

All non-managerial employees shall be required to attend a Compliance Training lasting at least one (1) hour in duration. The training under this section shall cover:

(a) the role and purpose of Title VII, including what constitutes unlawful race discrimination, a hostile work environment based on race, and retaliation;

(b) employees' and employers' rights and responsibilities under Title VII and this Decree if they experience, observe, or become aware of conduct that they believe may be harassing, discriminatory, or retaliatory (including by patients/residents);

(c) preventing harassment, including racial harassment, stopping bullying, bystander intervention, and having respect for diversity in the workplace including a discussion of appropriate and inappropriate language as it relates to race; and

(d) Defendants' revised Policies and Procedures as outlined in Section XI.C and XI.D, especially the Internal Complaint Procedure.

The training shall emphasize Defendants' commitment to ensuring a

-24-

workplace free of discrimination, harassment or discrimination (including by patients/residents) and encourage employees who experience or witness discriminatory, harassing and/or retaliatory conduct to report it. The training shall also emphasize the consequences for employees who engage in prohibited conduct and for managerial, lead, or supervisory employees who fail to notify Riverwalk or PACS' Human Resources Department upon becoming aware of conduct that may be discriminatory, harassing or retaliatory.

Before concluding the training, Defendants shall provide direct contact information for Riverwalk or PACS' Human Resources Department, and for the Hotline. Riverwalk and PACS shall also circulate an anonymous evaluation form to be filled out by attendees and provided to the Monitor. The Monitor will review the anonymous evaluation forms and make any appropriate recommendations for subsequent trainings.

       4.    *Compliance Training – Management and Human Resources*

All managers, supervisors, human resources employees, and employees responsible for documenting, responding to, or investigating complaints of discrimination or harassment shall attend a separate Compliance Training, as outlined in Section XI.E.3, and a Management Training of at least two (2) hours duration that includes role playing and emphasizes accountability of management and documenting and reporting complaints of discrimination (including by patients/residents). The Monitor shall attend the Management and Human Resources Trainings, which shall address the following:

       a.    The historical support for Title VII prohibitions against race discrimination, harassment, hostile work environment, and retaliation;

       b.    Examples of comments and conduct that alone or together may rise to the level of unlawful race discrimination (including discharge and terms and conditions of employment), harassment (including examples of racial slurs in different languages and derogatory race-based comments), or retaliation (including

-25-

by patients/residents);

     c.    Examples of conduct that alone or together might constitute retaliation;

     d.    Defendants' obligations under the Decree, and the role of supervisors, leads, and human resources in complying with the Decree;

     e.    Consequences for managers and supervisors who fail to follow or enforce Defendants' revised Policies and Procedures or who fail to document and report within 24 hours observations or complaints of potential race discrimination, harassment, or retaliation;

     f.    Consequences for employees who engage in or tolerate conduct that may be considered race discrimination, harassment, or retaliation (including tolerating or condoning harassment by patients/residents);

     g.    Defendants' Internal Complaint Procedure, and how to respond to, investigate, and resolve complaints of discrimination, harassment or retaliation (including by patients/residents), including: (1) investigative techniques, and the duty to interview all relevant witnesses; (2) the duty to report up the chain of command potential discrimination, harassment, and retaliation; (3) the need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted; (4) types of preventative and corrective actions and how to determine whether the action proposed is reasonably calculated to prevent or end harassing conduct; (5) post-investigation procedures for monitoring the work environment; (6) the duty to monitor and audit any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation.

     5.  *Verification of Training*

All persons required to attend such training shall verify their attendance in writing. Within ninety (90) days of the Effective Date and semi-annually thereafter, Defendants shall produce to the EEOC and to the Monitor documents

verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

6.     *Training and Support for Patients/Residents*

Defendants will develop a written policy regarding a prohibition on all forms of harassment and discrimination made unlawful under Title VII, including based on race, regarding interactions with patients/residents and employees at Riverwalk. All patients/residents shall be provided with this policy in writing and receive verbal instruction on such, including that harassment and discrimination toward employees in the facility will not be tolerated, nor will Riverwalk segregate the workforce by permitting a patient/resident to only be cared for by a person of a particular racial background. Patients/residents will be asked for written consent to this policy. Riverwalk will also attempt to reform a patient/resident's behavior by meeting with them and going over the non-discrimination policy if such an issue arises. The Monitor will review the policy and Riverwalk will provide verification to the Monitor that all patients/residents, both current and new, have been so instructed, even when consent is withheld. The Monitor will also be advised on any situations in which Riverwalk has attempted to reform a patient/resident's behavior following an incident or allegation of racial harassment or discrimination toward an employee, and work with Riverwalk as needed to remedy any such situations under applicable laws– to prevent harassment toward staff.

F.     Complaint Log

Within thirty (30) days of the Effective Date, Defendants shall establish a Complaint Log, in consultation with the Monitor, for centralized tracking of all formal and informal complaints regarding race discrimination, harassment or retaliation (including by patients/residents) and the monitoring of such complaints to prevent retaliation.  This system shall be searchable by name of individual(s)

-27-

and by location(s) of alleged misconduct, and shall contain, for each complaint or investigation of race discrimination, harassment or retaliation, at least the following information:

(a) full name, home address, and home telephone number and cell phone number (as applicable) of each complainant and potential aggrieved individual;

(b) full name, home address, and telephone number and cell phone number (as applicable) of any persons allegedly involved (including but not limited to those identified as potential perpetrators) in alleged incidents of discrimination or retaliation;

(c) a description of how Defendants learned of the complaint, including whether the complaint was first made to a manager, human resources employee, or via the Hotline, and the date the complaint was reported to Riverwalk or PACS Human Resources department;

(d) date each complaint was made;

(e) date each investigation began and was completed;

(f) type of discrimination or retaliation complained of, reported, or investigated;

(g) type of adverse employment action involved (e.g., "harassment," "failure to hire," "failure to promote," "demotion," "failure to schedule/assign," "termination," etc.);

(h) name and title of person(s) who conducted each investigation;

(i) description of action taken in response to the charge, complaint, report, or investigation;

(j) resolution, or decision made, regarding each complaint made and each investigation conducted; and

(k) status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

Defendants shall maintain the database throughout the duration of this

-28-

Decree and shall produce it to EEOC upon EEOC's request.

G.    Posting of Notice

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendants shall post a laminated copy of the Notice attached as **Exhibit A** in a clearly visible location frequented by employees. The Notice shall be printed in legible font and posted in language(s) commonly understood by Defendants' employees. If the Notice becomes defaced or illegible, Defendants shall replace it with a clean copy immediately.

H.    Consideration of EEO Compliance or Non-Compliance

Defendants shall also implement, in consultation with the Monitor, a method to recognize or praise its supervisory, managerial and lead employees who report to Human Resources upon becoming aware of potential discrimination, harassment, and/or retaliation and who respond appropriately to complaints of discrimination, harassment, and/or retaliation. In addition, those supervisory, managerial and lead employees who become aware of discriminatory, harassing and/or retaliatory conduct and fail to report and/or take appropriate remedial and/or corrective action in response shall be subject to corrective action.

In its semi-annual report, Defendants shall report the name, date, and nature of action taken to award or discipline an employee for complying or failing comply with this

I.    Toll-Free Complaint Hotline

Within thirty (30) days of the Effective Date, Riverwalk or PACS shall confirm that they operate a Hotline for reporting complaints of discrimination, harassment or retaliation. ("Hotline"). Riverwalk or PACS shall ensure dissemination of information about the Hotline to all employees on a semi-annual basis in language(s) commonly used by them. The Hotline shall be given to all new employees and it shall be made clear that the Hotline is accessible online and via telephone, 24-hours per day and is available in language(s) commonly used by

FP 48211965.1

Defendants' employees.

The Hotline shall operate seven days per week, 24 hours per day. Riverwalk or PACS HR, with the help of the Monitor, shall ensure that all Hotline inquiries and response times are tracked and logged. Once a complaint is received, Riverwalk or PACS HR will contact the complainant within 24 hours, and then follow the Internal Complaint Procedure in Section XI.D. The Monitor shall review and evaluate Riverwalk or PACS HR's effectiveness and responsiveness to each Hotline complaint.

Riverwalk or PACS shall distribute information regarding the Hotline to all employees, including management, supervisory, and Human Resources employees, within thirty (30) days by mailing a paper copy to their personal mailing addresses and sending an electronic copy to their personal email addresses. Riverwalk or PACS shall provide the Hotline to employees hired after the Effective Date within five (5) days of their hiring date. Riverwalk or PACS shall have each employee sign a form acknowledging receipt, which shall be written in languages commonly understood by employees. The Hotline Flyer shall be disseminated via electronic mail on a semi-annual basis.

J.     Recordkeeping

The records to be maintained shall include:

1.     All communications with the Monitor, Claims Administrator and the EEOC;

2.     All documents related to any complaint of race discrimination, race harassment, or retaliation, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Riverwalk or PACS' investigation, and all communications related to the complaint, its investigation, or its resolution;

3.     All personnel and performance related documents related to any person that files a complaint or otherwise reports race discrimination or harassment

-30-

and documents pertaining to Charging Party and Claimants as set forth in Section IX;

4.      All documents generated in connection with the audits conducted by the Monitor under Section XI.B;

5.      All forms acknowledging employees' receipt of Defendants' revised Policies and Procedures under Section XI.C;

6.      All documents verifying the occurrence of all training sessions and names and positions of all attendees, under Section XI.E;

7.      Monthly copies of the Complaint Log, maintained as required under Section XI.F;

8.      All documents reflecting the recognition or corrective action taken in response to supervisory, managerial and/or lead employees that responded inappropriately to discriminatory, harassing, or retaliatory conduct under Section XI.H;

9.      All documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendants determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory;

10.     All documents related to compliance with the terms of the Decree; and

11.     All documents generated in connection with Riverwalk or PACS' Hotline under Section XI.I.

Riverwalk or PACS shall make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

K.      Reporting

1.      Initial Report

Defendants, through their EEO Monitor, shall submit to the EEOC an initial report within thirty (30) days after the Effective Date containing:

a.      the name, contact information, and qualifications of the

proposed Monitor pursuant to Section XI.A;

b.      the name and contact information of the specific professional individual or organization that Defendants propose serve as the Claims Administrator and the proposed contract, for the EEOC's review and comment pursuant to Section VIII.B;

c.      the List of Potential Claimants, as described in Section VIII.C.1;

d.      a statement detailing Defendants' compliance with Sections IX.A and IX.B under "Claimant Specific Injunctive Relief";

e.      a copy of the proposed Climate Survey, to be distributed pursuant to Section XI.B;

f.      the revised Policies and Procedures under Section XI.C, including the Internal Complaint Procedure described in Section XI.D;

g.      a copy of the proposed Plan for ensuring equal treatment for all employees, regardless of race, pursuant to Section XI.A.1;

h.      the name, contact information, and qualifications for the trainer(s) selected, a description of the trainings to be provided, and an outline of the curriculum, for the EEOC's review and comment pursuant to Section XI.E;

i.      a copy of the proposed Complaint Log, pursuant to Section XI.F, with a summary of the procedures and recordkeeping methods developed with the Monitor for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

j.      a copy of the proposed revisions to Defendants' performance evaluation forms, as described in Section XI.H;

k.      a statement confirming that the notice pertaining to this Decree has been posted pursuant to Sections XI.G;

l.      a copy of the flyer regarding the Hotline, pursuant to Section XI.I; and

-32-

1       m.     a copy of all documents related to or created pursuant to the
2 terms within this Decree.

3      2.   *Reports Regarding Monetary Relief*

4      Defendants and and/or the Administrator shall submit to the EEOC the
5 reports detailed in Section VIII, including but not limited to, written verification of
6 the funding of the Class Fund, reporting on a quarterly basis all checks issued, all
7 checks cashed, and the funds remaining in the Class Fund, including any uncashed
8 checks.

9      3.   *Semi-Annual Report*

10      Within 180 days from the Effective Date, and semi-annually thereafter,
11 Defendants, through their EEO Monitor, shall provide reports containing:

12      a.     A complete employee list for all permanent and temporary
13 employees, including race, start date, job title, job site, and direct employer;

14      b.     The attendance lists of all attendees for the training sessions
15 required under this Decree that took place since the previous report;

16      c.     A list of all management or supervisory personnel with
17 responsibility for receiving complaints of alleged or potential race discrimination,
18 including name, title, department and date of hire;

19      d.     A statement confirming that Defendants have distributed the
20 revised Policies and Procedures to all employees under Section XI.C, along with a
21 statement confirming the distribution of the non-discrimination policy to
22 patients/residents;

23      e.     Documents verifying the occurrence of all training sessions,
24 including the written materials used, a description of the training, a list of the
25 trainers, and a list of the attendees, pursuant to Section XI.E;

26      f.     A written report regarding Reinstatement Candidates pursuant
27 to Section IX.C;

28      g.     A copy of all complaints regarding alleged discriminatory,

-33-

FP 48211965.1

harassing, or retaliatory conduct;

h.      A description of all racial discrimination, harassment and retaliation complaints made, investigated, pending or resolved in the last 180 days, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendants' employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation. If no results have been reached as of the time of the report, the result shall be included in the next report;

i.      A statement confirming that the required notices pertaining to this Decree, the revised Policies and Procedures, and the Hotline have been posted and distributed pursuant to Sections XI.G, XI.C, and XI.I;

j.      The name, date, and nature of action taken to award or discipline an employee pursuant to Section XI.H;

k.      The specific actions taken and goals accomplished with respect to its Plan to ensure equal treatment for all employees, regardless of race, pursuant to Section IX.A.1;

l.      The status of Defendants' compliance with the terms of the Decree; and

m.      Whether any revisions of Defendants' policies and procedures regarding racial discrimination, racial harassment, and retaliation took place since the preceding report, including a copy of the revised policies or procedures, pursuant to Section XI.C.

The Semi-Annual Report shall also include the Monitor's report to the EEOC and Defendants that describes all work performed pursuant to this Decree and provides the Monitor's feedback and recommendations going forward. The

-34-

report shall include the Monitor's evaluation and recommendations following the audits under Section XI.B, the trainings under Section XI.E; review of Riverwalk or PACS' implementation of the Internal Complaint Procedure and Complaint Log under Sections XI.D and XI.F; and the specific actions taken and goals accomplished pursuant to the Plan under Section XI.A.1. Most importantly, the Monitor's report shall provide feedback regarding Defendants' good faith efforts to comply with this Decree and Title VII, as well as Defendants' efforts to ensure employment decisions are made without regard to race, and respond appropriately to harassment, discrimination, retaliation complaints. The Monitor's report shall cover all the Monitor's responsibilities, as detailed in Section XI.A.

     *4.  Exit Report*

     Defendants shall report to the EEOC at least 90 days prior to the expiration of this Decree a summary regarding their compliance with this Decree. Separately, the Monitor shall report to the EEOC at least 90 days prior to the expiration of this Decree covering all the Monitor's responsibilities, as detailed in Section XI.A and providing feedback regarding Defendants' compliance with this Decree and Title VII, the results of Defendants' efforts to ensure employment decisions are made without regard to race, and whether Defendants have responded appropriately to harassment and retaliation complaints. The Monitor shall make recommendations, where appropriate, for extension of the term of the Decree.

L.    <u>Staffing Agencies and/or Subcontractors</u>

     1.    Within thirty (30) days of the Effective Date, Defendants shall provide the Monitor with a complete list of all Staffing Agencies or Subcontractors used in connection with employing persons in the CNA, LVN, or RN positions at Riverwalk. The list shall contain the name of the Staffing Agency or Subcontractor and the address of its headquarters. If Defendants engage any new Staffing Agencies or Subcontractors during the term of the Decree, Defendants shall notify the Monitor within thirty (30) days thereafter.

2.      Within forty-five (45) days of the Effective Date, Defendants shall send a letter to each Staffing Agency or Subcontractor identified in Section C.1 above that: (1) states Defendants' commitment to the above anti-discrimination and anti-retaliation terms, providing a copy of the Decree; (2) expresses Defendants' expectation that the Staffing Agency or Subcontractor likewise commit to these terms; and (3) states that if the Staffing Agency or Subcontractor fails to take seriously and abide by these terms then Defendants will terminate the relationship.

3.      If Defendants use any new Staffing Agencies or Subcontractors at Riverwalk during the term of the Decree, Defendants shall send a letter to each new Staffing Agency or Subcontractor within thirty (30) days containing the statements identified in Section L.2 prior to using that Staffing Agency or Subcontractor in connection with employing persons in the CNA, LVN, or RN positions at Riverwalk.

M.    Implementation of Non-Monetary Injunctive Relief

1.      To the extent that Defendants contend, at any point during the term of the Decree, that financial hardship affects their ability to implement any of the non-monetary, specific injunctive relief, financial documentation to demonstrate the hardship will be required to be produced to the EEOC to evaluate.

## XII.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.
## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

FP 48211965.1

## XIII.

## MISCELLANEOUS PROVISIONS

A.      Unless otherwise stated, all notices, reports and correspondence required under the Decree shall be delivered (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; and (2) by email to lado.legal@eeoc.gov and anna.park@eeoc.gov. Defendants shall maintain copies of all such notices, reports and correspondence for at least the Term of the Decree.

B.      During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

C.      During the term of this Decree, Defendants shall assure that each of its directors, officers, human resources personnel, managers, and supervisors are aware of any term(s) of this Decree which may be related to his/her job duties.

D.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

E.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All Parties, through the undersigned, respectfully apply for and consent to this entry of this Decree.

## XIV.

## COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

-37-

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

## XV.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

A.     The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1. The Defendants' EIN is: 47-2567294

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Name:

     Administrator

Physical Address:

     Riverwalk Post Acute,

     4000 Harrison Street

     Riverside, CA 92503-3514

2. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

//

-38-

1        5. The parties are not acting in reliance on any representations made by the

2   EEOC regarding whether the amounts paid pursuant to this agreement qualify for a

3   deduction under the Internal Revenue Code.

4

5                               Respectfully submitted,

6                               U.S. EQUAL EMPLOYMENT

7                               OPPORTUNITY COMMISSION

8   Date: _____9/25/23_____

9                    By:   Anna Y. Park

10                       Attorney for Plaintiff, EEOC

11

12  Date: 9/13/23_____

13                   By:   Grace Y. Horoupian

14                       Attorney for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-39-

FP 48211965.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date:  September 27, 2023

The Honorable JESUS G. BERNAL
United States District Court Judge

-40-

# EXHIBIT A

## NOTICE TO EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in in the United States District Court for the Central District of California against Defendants Orange Treeidence OPCO, LLC dba Riverwalk Post Acute; Providence Group, Inc.; and Providence Administrative Consulting Services, Inc. ("Defendants"); Case Number 5:22-cv-00425-JGB-SP. The EEOC alleged that a class of Black employees were subjected to harassment, discrimination, and retaliation based on race in violation of Title VII. The EEOC and Defendants settled the case by entering into a Consent Decree where Defendants agreed to implement various injunctive remedies to affirm its commitment to non-discrimination and equal opportunity and to ensure that its policies and procedures are consistent with that commitment including engaging an EEO Monitor, review and revising and improving, where appropriate, anti- discrimination policies and procedures, training, tracking complaints, and providing EEOC with periodic reports.

Defendants are committed to complying with federal anti-discrimination laws in all respects and encourages reporting any such conduct. Race harassment or discrimination will not be tolerated. Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment. Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination. If you believe that you have been subjected to discrimination or harassment because of your race, you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
TELEPHONE NUMBER: (213) 669-4000

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**
This Notice shall remain posted for the term of the Consent Decree.